UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| QUINTON HALL | NO.: 16-00050-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion to Sever Charges (Doc. 26)** filed by Quinton Hall ("Defendant"). Through his motion, Defendant seeks to sever the counts as charged in the Indictment (Doc. 1) under Federal Rules of Criminal Procedure 8(a) and 14. The United States of America ("the Government") has filed a response. (Doc. 33). For reasons that follow, Defendant's motion is **DENIED**.

### I. BACKGROUND

On May 18, 2016, a Grand Jury sitting in the Middle District of Louisiana returned a four-count Indictment charging Defendant with various federal drug crimes. Specifically, Count One of the Indictment charges that beginning in or about January 2015 and continuing until in or about August 2015, Defendant conspired to distribute and possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846. (Doc. 1 at p. 2). Count Two charges that on or about January 22, 2015, Defendant possessed with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. 1 at p. 4). Counts Three and Four charge that on or about August 19, 2015, Defendant distributed fifty grams or more of methamphetamine and possessed a firearm during

1

and in relation to a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1) and 924(c)(1)(a). (*Id.*).

Defendant filed the instant motion on June 22, 2017, asserting that the Court should sever Count Two from Counts One, Three and Four of the Indictment. (Doc. 26). Defendant argues that because Count Two charges a different transaction date from the remaining counts, joinder of the two offenses is improper under Rule 8(a). Alternatively, Defendant argues that even if joinder of Count Two is proper under Rule 8(a), the Court should nonetheless sever the counts as requested because "[D]efendant's defense will be prejudiced by the joinder of these counts" under Rule 14.

## II. DISCUSSION

### A. JOINDER OF OFFENSES

Rule 8(a) permits the joinder of two or more counts against a defendant where "the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The requirements of Rule 8 are flexible: the offenses "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *See United States v. Butler*, 429 F.3d 140, 146-47 (5th Cir. 2005) (quoting *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990)). "Generally, the propriety of joinder under Rule 8 is to be judged from the allegations of the indictment, which for these purposes are assumed to be true." *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985) (citations omitted). This

2

Circuit broadly construes Rule 8 in favor of initial joinder of offenses. *See Butler*, 429 F.3d at 146.

Based on the allegations contained in the Indictment, it is clear that Count Two is properly joined with the remaining counts. The Indictment alleges a drug conspiracy that began sometime in January of 2015 and ended in August of 2015. During the period of the alleged conspiracy, Defendant conspired with three unnamed individuals and on two separate occasions to commit the substantive crimes charged in the Indictment. "It is well settled that the joinder of otherwise separate acts may be allowed when the acts are properly linked by means of a conspiracy charge." *United States v. Welch*, 656 F.2d 1039, 1051 (5th Cir. 1981). The Fifth Circuit has also recognized that "[p]roof of a conspiracy count will validate a joinder of substantive offenses growing out of that conspiracy." *United States v. Banks*, 465 F.2d 1235, 1242 (5th Cir. 1972); *see also United States v. Cartwright*, 632 F.2d 1290 (5th Cir. 1980) (permitting joinder of counts of misapplying funds of federally insured institution, falsifying documents, and conspiracy); *United States v. Nettles*, 570 F.2d 547, 552 (5th Cir. 1978) ("Where a substantive count is within the scope of a conspiracy charged then their joinder is proper.").

In order to prove Count One, the Government must produce evidence demonstrating the existence of a drug conspiracy over the period of time alleged in the Indictment, which will inevitably require the production of evidence relating to the substantive crimes contained Counts Two, Three and Four. Accordingly, the Court finds that the joinder of Defendant's substantive drug counts (Counts Two,

Three and Four) with his conspiracy count (Count One) was proper under Rule 8(a) because they constitute parts of a common scheme or plan.

### B. SEVERANCE OF OFFENSES

Even if two or more offenses are properly joined under Rule 8(a), a court may sever the offenses under Federal Rule of Criminal Procedure 14 if the court finds that joinder of the offenses would result in prejudice to the defendant. *See* Fed.R.Crim.P. 14; *United States v. Neuman*, 08–24, 2009 WL 273208, at * 1 (E.D. La. Jan.23, 2009). Specifically, Rule 14 states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14. Prejudice occurs when there is a serious risk that a jury will be prevented "from making a reliable judgment about guilt or innocence." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008). Usually, any possible prejudice "c[an] be cured with proper instructions and juries are presumed to follow their instructions." *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995). A district court's decision not to sever counts will only be reversed if "the defendant can convincingly demonstrate that a genuine prejudice to his trial strategy outweighed considerations of judicial economy in proceeding with a single trial." *United States v. Williamson*, 482 F.2d 508, 512 (5th Cir. 1973). "[T]he defendant bears a heavy burden of showing specific and compelling prejudice." *United States v. Hamilton*, 694 F.2d 398, 401 (5th Cir. 1982).

4

The Court finds that severance under Rule 14(a) is not required. First, Defendant's vague assertions of prejudice are insufficient as a matter of law to satisfy his burden under Rule 14. Defendant argues, without sufficient specificity, that if the Court denies his motion to sever, this would impede his ability to present separate defenses relative to the individual charges would potentially open the way for an improper accumulation of evidence as to the separate counts. (Doc. 26-1 at pp. 3-4). These barebones statements fall far short of the heavy burden necessary to demonstrate compelling prejudice for purposes of severance. "[T]he defendant bears a heavy burden of showing specific and compelling prejudice." *See Hamilton*, 694 F.2d at 401 (requiring a specific showing of compelling prejudice under Rule 14(a)).

Additionally, even if the Court were to accept as true any alleged prejudice and sever Count Two from the remaining counts, the logical relationship between all of the counts in the Indictment requires that there be an evidentiary overlap between the two trials. Where evidence of the severed offense would be admissible in both trials, the defendant suffers no unfair prejudice by a single trial of all charges. *See United States v. Ramey*, No. 07-20833, 2008 WL 4582089, at *6 (5th Cir. Oct. 15, 2008) (because "the relatedness of the facts here makes it plain that the same facts admissible to prove obstruction of justice would have been admissible in a separate trial for passport fraud," the defendant "was not prejudiced by joinder"); *United States v. Smith*, 281 Fed. App'x. 303, 304-05 (5th Cir. 2008) (joinder of drug charges and murder-for-hire charges did not result in sufficient prejudice to warrant a Rule 14 severance where there was a "logical relationship" between the counts); *Hamilton*,

5

694 F.2d at 400-01 (holding that "no significant prejudice can have resulted from denial of the motion to sever" where "evidence relating to the interstate theft count would doubtless have been admissible in a separate trial of the wire fraud charges").

To the extent there is not a complete overlap in the evidence used to prove each count of the Indictment, the Court will consider giving a limiting instruction to the jury to ensure that the jurors only consider the evidence that is properly before it to determine guilt or innocence as to each specific count. *See Bullock*, 71 F.3d at 175.

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the **Motion to Sever Charges (Doc. 26)** filed by Quinton Hall is **DENIED**.

Baton Rouge, Louisiana, this 7th day of July, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA