UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS

QUINTON HALL                                          NO.: 16-00050-BAJ-RLB

ORDER TO SHOW CAUSE

On May 18, 2016, a Grand Jury sitting in the Middle District of Louisiana returned a four-count Indictment charging Defendant with various federal drug crimes. As it relates to this Order, Count Three of the Indictment charges that on or about August 19, 2015, Defendant distributed fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and Count Four charges that Defendant possessed a firearm—specifically, a semi-automatic Smith & Wesson 9 mm pistol—during and in relation to that drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(a). (Doc. 1 at p. 4).

A jury trial commenced on July 12, 2017. (*See* Doc. 54). On the second day of trial, counsel for the United States of America ("the Government") called Detective Justin Brown ("Detective Brown") of the Ascension Parish Sheriff's Office to testify about the events forming the basis of the charges contained in Counts Three and Four. Detective Brown testified that on August 19, 2015, he and a team of law enforcement officers executed a search warrant on a trailer occupied by Defendant and three other occupants. The search team found Defendant in the westernmost bedroom of the trailer, detained him, and held him in the living room toward the

1

middle of the trailer with the other occupants. During their search of the trailer, the search team found, among other things, a shotgun and a 22-caliber rifle in the master bedroom and two handguns in two vehicles outside the trailer.[1] After Detective Brown provided this testimony, the Government sought to admit into evidence the rifle and the shotgun, neither of which Defendant was charged with possessing in the Indictment. (*See* Doc. 1 at p. 4 (charging Defendant with possessing a Smith & Wesson handgun)). Without objection from Defendant's counsel, the Court admitted evidence related to both of the long firearms. Although counsel for Defendant established during cross examination of Detective Brown that no occupant, including Defendant, assumed ownership of the long guns, at no time did counsel for either party request that the Court provide a limiting instruction to the jury regarding the firearms, and the Court did not do so *sua sponte*. On Friday, July 14, 2017, the jury returned a verdict of guilty on all four counts charged in the Indictment. (*See* Doc. 51).

Without making a finding as to whether the Government presented enough evidence to support Defendant's conviction on Count Four, the Court is concerned that the admission of the uncharged rifle and shotgun into evidence may have improperly influenced the jury's deliberations and verdict. That is, because Defendant was only charged with possessing a single handgun in relation to a drug

---

[1] Detective Brown testified that he found a Glock handgun between the driver's seat and the driver's side door of a Pontiac G6 that was later identified as belonging to Denise Alvarez. The second handgun—the Smith & Wesson 9 mm pistol—was found in a Chrysler 300 that was located at the residence. Detective Brown testified that the Chrysler was transported from the residence to the local narcotics office, where another search warrant was executed to search the vehicle. During the search of the vehicle, Detective Brown testified that he found the Smith & Wesson 9 mm pistol behind the radio.

trafficking crime, and because the Government failed to create a nexus between the long guns—which were found in a trailer occupied by *several* other people—and Defendant, the presentation of the shotgun and rifle to the jury for consideration during their deliberations may have been unfairly prejudicial under Federal Rule of Evidence 403 and, therefore, erroneously admitted. Given this, the Court orders that the parties submit memoranda to the Court on the issue of whether admission of the shotgun and rifle may have adversely impacted Defendant's trial, therefore warranting a new trial as to Count Four of the Indictment, or whether admission of the long guns was merely harmless error.

Accordingly,

**IT IS ORDERED** that both parties shall submit post-trial briefs on the issue of whether admission of the shotgun and rifle was so prejudicial as to require that the jury's verdict of guilty as to Count Four of the Indictment be set aside. The parties' briefs shall be limited to ten (10) pages, including the signature page, and shall be submitted to the Court on or before **Friday, August 4, 2017 at 5:00 p.m.**

Baton Rouge, Louisiana, this 26th day of July, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**